# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) In Chapter 13 |
| JAMES G. PAPPAS and | ) |
| JILL D. PAPPAS, | ) Case No. 13 B 10289 |
| | ) |
| Debtors. | ) Honorable Jack B. Schmetterer |
| | ) |
| | ) |
| JAMES G. PAPPAS and | ) |
| JILL D. PAPPAS, | ) Adv. No. 13 A 00561 |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| CITIMORTGAGE, INC., | ) |
| | ) |
| Defendant. | ) |

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to an Order of Default and because the allegations in the Complaint have been taken as confessed against CitiMortgage, Inc., the following findings of fact and conclusions of law are made and will be entered:

1. On March 14, 2013, the Plaintiffs filed a voluntary petition for relief under U.S.C. Chapter 13.

2. This Honorable Court has jurisdiction over this adversary proceeding pursuant to § 157 and § 1334 of Title 28, United States Code (hereinafter United States Code shall be referred to as "U.S.C.").

3. This is a core proceeding within the meaning of §157 (B)(1) and (2) of Title 28, U.S.C.

4. Venue in proper pursuant to §1409 of Title 28, U.S.C.

5. This Honorable Court has not yet confirmed the Plaintiffs' Chapter 13 Plan.

6. The Defendant, CitiMortgage, Inc., is a domestic corporation.

7. The Plaintiffs are the owners of property described as:

LOT 29 IN MICHAEL MURRAY RESUBDIVISION OF PART OF THE NORTHEAST 1/4 OF SECTION 17, TOWNSHIP 41 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY ILLINOIS

Permanent Index Number: 10-17-202-037-0000

Commonly described as 9311 Mason Avenue, Morton Grove, Illinois, 60053 (hereinafter the "Property").

8. CitiMortgage, Inc. also holds a first mortgage lien on the Property in the amount of $353,312.00.

9. Plaintiffs obtained a valuation of the Property from Century 21 Marino Real Estate, Inc., indicating that the maximum value of the Property was $340,000.00.

10. For the purposes of this bankruptcy case, the value of the Property is $340,000.00.

11. That the first secured claim of CitiMortgage, Inc. exceeds the value of the property.

12. The Defendant, CitiMortgage, Inc., holds a junior mortgage on the Property in the amount of $69,994.00.

13. Under Title 11 U.S.C. § 506(a) and [illegible], Defendant's junior mortgage would be an allowed secured claim only to the extent of the value of the estate's interest in the Property securing the claim, and Defendant's lien is void to the extent it is not an allowed secured claim.

14. Because Defendant's junior mortgage lien is wholly unsecured, it should not be allowed as a secured claim and the junior mortgage lien may be stripped off. In re: Fair, No. 10-C-1128, 2011 WL 14866021 (E.D. Wis. April 19,2011): In re: Oskosisi, 2011 WL 2292148; In re: Mann 249 B.R. 831, 840, (1st Cir., BAP 2000): In re: Pond, 2002 U.S. App Lexis 111287 (2nd Cir., 2001); In re: McDonald, 205 F3rd 606 (3rd Cir., 2000); Bartee v Tara Colony Homeowners

2

Case 13-00561   Doc 18   Filed 07/09/13   Entered 07/10/13 08:48:18   Desc Main
Document    Page 3 of 4

13-00561:13.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 7/2/2013 5:46:49 PM by:Anthony D'Agostino Page 3 of 4

Association (In re: Bartee), 212 F3rd 277 (5th Cir., 2000); In re: Lam, 211 B.R. 36 (9th Circuit, BAP 1997) appeal dismissed on the grounds, 192 F3rd 1309; In re: Tanner 217 F3rd 7357 (11th Cir.).

15. A Chapter 13 Debtor's ability to strip off wholly unsecured junior lien is not conditioned on debtor's eligibility for discharge, but solely upon debtor's obtaining confirmation of, and performing under, a Chapter 13 Plan.

Title 11 U.S.C. §506 (a) states in part:

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim…
(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless--
(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

Therefore, junior lien holders such as that held by Defendant CitiMortgage, Inc. whose claim is wholly unsupported by any equity in the encumbered property, is therefore not a "holder" of a secured claim within the meaning of §502, 506 1322 and 1325 of the Bankruptcy Code.

16. CitiMortgage, Inc. holds a wholly unsecured claim. Therefore CitiMortgage, Inc.'s interest in the Plaintiff's residence is wholly unsecured and is voided pursuant to §506 and under §506(d) the lien may be stripped at the time which the case is confirmed.

17. Defendant's claim should therefore be paid as a general unsecured claim as listed in § E 8 of Plaintiff's Chapter 13 Plan, and will be discharged upon entry of a discharge order issued by the Court, and CitiMortgage, Inc.'s lien encumbering the Property will be deemed released.

Case 13-00561    Doc 18    Filed 07/09/13    Entered 07/10/13 08:48:18    Desc Main
Document    Page 4 of 4

13-00561:13.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 7/2/2013 5:46:49 PM by:Anthony D&#039;Agostino Page 4 of 4

18. Defendant's lien should be cancelled pursuant to §506.

Signed: _____
Honorable Jack B. Schmetterer

JUL 0 9 2013

Robert R. Benjamin (ARDC # 0170429)
Beverly A. Berneman (ARDC # 06189418)
Anthony J. D'Agostino (ARDC # 6299589)
GOLAN & CHRISTIE LLP
Attorneys for Debtors/Plaintiffs
70 W. Madison St., Ste. 1500
Chicago, IL 60602
(312) 263-2300